ORIGINAL

# In the United States Court of Federal Claims

No. 15-426C
(Filed: November 3, 2015)

**FILED**

**NOV - 3 2015**

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
DENNY-RAY HARDIN,                    *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
*************************************
```

Pro Se Plaintiff; Dismissal for Lack of
Jurisdiction; Frivolous Complaint; 28 U.S.C.
§ 1915(g); "Three-Strikes" Rule;
Application to Proceed In Forma Pauperis

Denny-Ray Hardin, Kansas City, MO, pro se.

Nathanael B. Yale, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Judge

    Plaintiff Denny-Ray Hardin, proceeding pro se, alleges that he was unjustly convicted and unlawfully incarcerated by the federal government. Defendant moves to dismiss plaintiff's complaint for lack of jurisdiction. Plaintiff moves for a default judgment against defendant and seeks leave to proceed in forma pauperis. For the reasons set forth below, the court grants defendant's motion to dismiss, grants plaintiff's application to proceed in forma pauperis, and denies plaintiff's motion for default judgment as moot.

## I. BACKGROUND

    Plaintiff is no stranger to the United States Court of Federal Claims ("Court of Federal Claims"). He has filed three other complaints in this court, all of which were dismissed for lack of jurisdiction. See Hardin v. United States, No. 13-812C, slip op. (Fed. Cl. Feb. 20, 2014) ("Hardin I"); Hardin v. United States, No. 14-557C, 2014 WL 4724472 (Fed. Cl. Sept. 23, 2014) ("Hardin II"); Hardin v. United States, No. 15-585C, 2015 WL 6437379 (Fed. Cl. Oct. 22, 2015) ("Hardin III"). Thus, plaintiff is familiar with the limits of this court's jurisdiction. However, as reflected by the allegations in his complaint, plaintiff has chosen to disregard those limits.

All of the allegations in the complaint support plaintiff's overarching contentions that he was unjustly convicted and unlawfully incarcerated by the federal government.[1] He asserts that federal government officials–including federal judges and various judiciary employees–have conspired to deprive him of the due process to which he is entitled under the Fifth Amendment to the United States Constitution ("Constitution"). Plaintiff further contends that these same federal government officials have violated his rights under the First, Fourth, Sixth, Eighth, Tenth, and Thirteenth Amendments to the Constitution. In addition, plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and violations of several provisions of title 18 of the United States Code ("the federal criminal code"). The only relief that plaintiff seeks is a declaratory judgment that (1) federal district and appellate courts are not courts established under Article III of the Constitution and (2) he was not lawfully incarcerated. He does not request money damages.

Presently before the court are defendant's timely filed motion to dismiss plaintiff's complaint for lack of jurisdiction,[2] plaintiff's motion for a default judgment, and plaintiff's application to proceed in forma pauperis. The motions are fully briefed, and the court deems oral argument unnecessary.

## II. DEFENDANT'S MOTION TO DISMISS

### A. Standard of Review

Defendant moves to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). Plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, id. at 799, even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In other words, a plaintiff proceeding pro se must prove, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen.

---

[1] Plaintiff "was convicted of multiple counts of producing fictitious financial obligations, mail fraud affecting financial institutions, and mail fraud. The District Court . . . imposed concurrent sentences of 120 months in prison and 3 years of supervised release on each count." United States v. Hardin, 489 F. App'x 984, 985 (8th Cir. 2012) (unpublished decision) (per curiam) (footnote and citations omitted).

[2] Plaintiff incorrectly contends that defendant's motion to dismiss was not timely filed. Defendant's response to plaintiff's complaint was due by June 29, 2015. Defendant filed its motion to dismiss, and served it on plaintiff, on June 29, 2015. An employee of the court–not defendant–scanned and uploaded the hard-copy motion to the court's electronic filing system on July 2, 2015.

Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

## B. Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976); see also King, 395 U.S. at 2-3 (explaining that the jurisdiction of this court's predecessor was limited to claims against the United States for money damages); Todd v. United States, 386 F.3d 1091, 1095 (Fed. Cir. 2004) ("Absent a claim for presently due money damages against the United States, the Court of Federal Claims does not have jurisdiction under the Tucker Act to entertain [the plaintiffs'] claims."). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## C. Plaintiff's Complaint Must Be Dismissed Because He Does Not Seek Money Damages

As noted above, plaintiff does not seek money damages; his requested relief is limited to a declaratory judgment. The jurisdiction of the Court of Federal Claims is limited to claims for money damages. King, 395 U.S. at 2-3; Todd, 386 F.3d at 1095. The court cannot issue a declaratory judgment in the absence of an award of money damages. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998) ("Although the Tucker Act has been amended to permit the Court of Federal Claims to grant equitable relief ancillary to claims for monetary relief over which it has jurisdiction, there is no provision giving the Court of Federal Claims jurisdiction to grant equitable relief when it is unrelated to a claim for monetary

relief pending before the court." (citations omitted)).  Accordingly, the court lacks jurisdiction to entertain plaintiff's complaint.  Defendant's motion to dismiss is therefore granted.

## D. The Court Lacks Jurisdiction to Entertain Claims Under the Constitutional Provisions and Statutes Cited by Plaintiff

Even if plaintiff requested money damages, the court would still lack jurisdiction to entertain his complaint.  First, the Court of Federal Claims lacks jurisdiction to entertain claims under the First, Fourth, Sixth, Eighth, Tenth, and Thirteenth Amendments to the Constitution because those amendments do not mandate the payment of money damages.  See Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'"); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[T]he Fourth Amendment does not mandate the payment of money for its violation.  Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation." (citation omitted)); United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he first amendment, standing alone, cannot be so interpreted to command the payment of money."); Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) ("[T]he fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims."); Pleasant-Bey v. United States, 99 Fed. Cl. 363, 367 (2011) ("[T]his court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages."); Ogden v. United States, 61 Fed. Cl. 44, 47 (2004) ("Plaintiff's allegations with respect to violations of the Sixth, Eighth, Ninth and Tenth Amendments are similarly outside the jurisdiction of this court because those clauses also do not mandate monetary compensation.").  Nor is the Due Process Clause of the Fifth Amendment a money-mandating source of jurisdiction.  See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Second, the Court of Federal Claims does not possess jurisdiction over civil rights claims brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 "because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."  Marlin v. United States, 63 Fed. Cl. 475, 476 (2005); accord Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012); Anderson v. United States, 22 Cl. Ct. 178, 179 n.2 (1990), aff'd, 937 F.2d 623 (Fed. Cir. 1991) (unpublished table decision).

Third, the Court of Federal Claims lacks jurisdiction to entertain criminal matters, such as claims arising under the federal criminal code or claims regarding the conduct of criminal proceedings.  See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"); Schweitzer v. United States,

82 Fed. Cl. 592, 596 (2008) (holding that the Court of Federal Claims lacks jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole"). Moreover, plaintiff cannot collaterally attack his conviction in this court. See Joshua, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."); Carter v. United States, 228 Ct. Cl. 898, 900 (1981) (per curiam) ("If plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court. This is not such a court and he cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages.").

Finally, although the court possesses jurisdiction to consider claims of unjust conviction and imprisonment under 28 U.S.C. § 1495 (a statute not cited by plaintiff), a plaintiff raising such a claim must allege and prove either that the conviction was reversed or set aside because he was not guilty of the offense(s), or that he was pardoned due to his innocence and unjust conviction. 28 U.S.C. § 2513(a). As plaintiff has not alleged that his criminal conviction has been reversed or set aside by another court, he cannot prevail on a claim of unjust conviction and imprisonment in the Court of Federal Claims.

### E. Plaintiff's Complaint Is Frivolous

Nothing from the foregoing discussion should surprise plaintiff. In prior rulings, the Court of Federal Claims has explained to plaintiff that its jurisdiction is limited to claims for money damages. See Hardin II, 2014 WL 4724472, at *2; Hardin I, slip op. at 2. It has also explained that it lacks jurisdiction to entertain claims under the First, Fourth, Sixth, Eighth, and Thirteenth Amendments, and the Due Process Clause of the Fifth Amendment.[3] See Hardin III, 2015 WL 6437379, at *4 (First, Fifth, and Eighth Amendments); Hardin II, 2014 WL 4724472, at *3 (First, Fourth, Fifth, Sixth, and Eighth Amendments); Hardin I, slip op. at 2 (Fifth, Sixth, and Thirteenth Amendments). Further, the court has explained that it does not possess jurisdiction to entertain claims of civil rights violations. See Hardin III, 2015 WL 6437379, at *4. It has also explained that it lacks jurisdiction to entertain criminal matters. See id.; Hardin II, 2014 WL 4724472, at *3; Hardin I, slip op. at 2-3. Moreover, the court has explained that it lacks jurisdiction to review the decisions of federal district courts. See Hardin III, 2015 WL 6437379, at *3; Hardin I, slip op. at 2-3. Finally, the court has explained that it possesses jurisdiction over a claim of unjust conviction only if the conviction has been overturned on the grounds of innocence or a pardon has been issued. See Hardin I, slip op. at 3.

---

[3] The only constitutional amendment implicated by plaintiff in his complaint but not previously addressed by the Court of Federal Claims is the Tenth Amendment, which, by its plain language, does not provide for the payment of money damages. See U.S. Const. amend. X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.").

When a prisoner sues the United States, the court must screen the prisoner's complaint to identify both cognizable claims and those claims that should be dismissed. 28 U.S.C. § 1915A. The court must then dismiss those claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. Id. § 1915A(b). Because plaintiff filed his complaint after being put on notice that the Court of Federal Claims lacked jurisdiction to entertain the claims contained in his complaint, the court finds that plaintiff's complaint is frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Under 28 U.S.C. § 1915(g), also known as the three-strikes rule, if a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted, he is barred from initiating further suits or appeals without first paying the filing fee, unless he is "under imminent danger of serious physical injury." Plaintiff has already had one appeal dismissed as frivolous. See Hardin v. Batts, 606 F. App'x 240 (5th Cir. 2015) (unpublished decision) (per curiam). This court's finding that plaintiff's complaint was frivolous is, at a minimum, plaintiff's second "strike."[4]

## III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[5] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." Id. § 1915(a)(2).

Plaintiff has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a). The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in

---

[4] The court's cursory review of the dockets of the suits and appeals filed by plaintiff in federal court did not reveal any other dismissals pursuant to 28 U.S.C. § 1915(g).

[5] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of jurisdiction. In addition, the court finds plaintiff's complaint to be frivolous and therefore dismissal pursuant to 28 U.S.C. § 1915A(b)(1) is also appropriate. Plaintiff's motion for a default judgment against defendant is **DENIED** as moot. And, the court **GRANTS** plaintiff's application to proceed in forma pauperis, but directs plaintiff to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as previously described. No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge